UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

     Plaintiff,

 v.

LINDSEY HARRIS,

     Defendant.

Case No. CR10-47-MJP

**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE**

### INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on January 29, 2013. The defendant appeared pursuant to a summons issued in this case. The United States was represented by Matthew Diggs, and defendant was represented by Bruce Erickson. Also present was U.S. Probation Officer Angela McGlynn. The proceedings were digitally recorded.

### SENTENCE AND PRIOR ACTION

Defendant was sentenced on October 1, 2010, by the Honorable Marsha J. Pechman for Bank Fraud. She received credit for 23 days served and 3 years of supervised release. In addition to the standard conditions of supervised release, the Court ordered special conditions requiring the defendant submit to search; participate in a drug treatment program, to include testing, maintain one single checking account; disclose all assets and liabilities and she is not to

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED VIOLATIONS
OF SUPERVISED RELEASE - 1

sell, transfer, give away, or otherwise convey any asset without permission; she is prohibited from incurring any new credit charges or opening additional lines of credit, or abstaining a loan without permission; she is also ordered to undergo an assessment for the Moral Reconation Therapy Program (MRT) and undertake such a program if deemed appropriate. Additionally, Ms. Harris was ordered to complete 50 hours of community service with credit for all time spent preparing for or taking her GED test and to pay $8,406.72 in restitution to the victim.

Ms. Harris began her three year term of supervised release on October 1, 2010. On April 20, 2011, a violation report was submitted to the Court advising that ms. Harris had violated the conditions of supervision by using methamphetamine on or before April 10, 2011. On April 23, 2011, the Court concurred with the probation officer's recommendation for no action.

On May 27, 2011, a violation report was submitted to the Court advising that Ms. Harris had violated the conditions of supervision by using methamphetamine on or before April 25, 2011, and May 2, 2011. On June 4, 2011, the Court concurred with the probation officer's recommendation for no action.

On June 9, 2011, a violation report and request for a summons was submitted to the Court alleging the defendant violated the conditions of supervised release by using opiates on or before May 25, 2011. On July 6, 2011, Ms. Harris appeared in court for her initial hearing and admitted the violations. On July 28, 2012, Ms. Harris was sentenced to 60 days custody followed by 30 months supervised release.

**PRESENTLY ALLEGED VIOLATIONS**

In a petition dated December 13, 2012, U.S. Probation Officer Angela McGlynn alleged that defendant violated the following conditions of supervised release:

1. Using heroin on or before October 23, 2012, in violation of standard condition #7.

2. Associating with known convicted felons on or before December 4, 2012, in violation of standard condition #9.
3. Failing to pay restitution as directed on or before December 4, 2012, in violation of the special condition that requires the defendant to pay $8,460.72 in restitution to the victim.

## FINDINGS FOLLOWING EVIDENTIARY HEARING

Defendant admitted the above violations, waived any hearing as to whether they occurred, and was informed the matter would be set for a disposition hearing on March 7, 2013, at 2:45 p.m. before United States Chief District Judge Marsha J. Pechman.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 29th of January, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge